IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| MARY E. KENDALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-11-1865 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Mary E. Kendall, ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), Commissioner's Motion for Summary Judgment ("Commissioner's Motion"), and Plaintiff's Reply Brief In Support Of Her Motion For Summary Judgment ("Plaintiff's Reply"). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby GRANTS Plaintiff's Motion, and DENIES Commissioner's Motion.

**PROCEDURAL BACKGROUND**

Plaintiff first filed for disability benefits on August 7, 2003. R. 53-55. The Commissioner denied Plaintiff's claim on first review on February 6, 2004, R. 39-41, and on

1

reconsideration on May 26, 2004.  R. 44-46.  A hearing was held on February 24, 2005, before an Administrative Law Judge ("ALJ"), Judith Showalter.  R. 254-316.  On March 10, 2005, Judge Showalter issued a written decision concluding that Plaintiff was not disabled under the Social Security Act from February 10, 2002 through the date of the decision.  R. 22-31.  Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council.  R. 16.  The Appeals Council denied Plaintiff's request on September 9, 2005.  R. 7-11

   Plaintiff then filed a complaint seeking judicial review of the ALJ's decision, and the parties consented to the jurisdiction of a United States Magistrate Judge.  R. 411.  While her case was pending, Plaintiff filed a new claim for DIB and this time was granted benefits on November 20, 2005.  Pl.'s Br. Attach. 2.  The Commissioner determined that the onset date of her disability was March 11, 2005, or the day after the ALJ's decision denying her benefits.  *Id.*

   On February 28, 2008, Magistrate Judge Leonard P. Stark of the United States District Court for the District of Delaware granted in part and denied in part Plaintiff's motion for summary judgment, and remanded the case to the Social Security Administration for further proceedings.  R. 408.  The court found that the ALJ had failed to consider Social Security Rulings ("SSR"s) 82-63 and 85-15, which apply respectively to claimants with advanced age, limited education, and no relevant work experience; and to claimants with mental impairments such as depression.  R. 430.  The court held that Plaintiff met the profile for these two Rulings, and that they were "applicable and must be considered" on remand in determining whether Plaintiff retained the residual functional capacity to perform other work existing in the national economy.  *Id.*  The court rejected Plaintiff's alternative argument that her case should be remanded to consider the subsequent allowance of disability and new medical evidence which was not in the record at the time of the ALJ's first decision.  R. 442-43.  The court instructed that

"[o]n remand, in determining whether Kendall was disabled at any point between February 10, 2002 and March 10, 2005, the Commissioner must consider SSR 82-63 and SSR 85-15 and the policy that individuals like Kendall are 'generally' found disabled." R. 433.

After the remand by the district court, the Appeals Council vacated the ALJ's original decision and returned the claim to Judge Showalter with specific instructions.[1] R. 446-447. Although the district court had declined to remand on the basis of the subsequent allowance, the Appeals Council stated that the "State agency's determination suggests that there is new and material evidence with respect to the period on or before the date of the Administrative Law Judge's decision," while also noting that the agency could not locate the subsequent claim file. R. 446. It therefore instructed the ALJ on remand to "apply the provisions of HALLEX TI-I-5-3-17, Section III, B.2, with respect to the State agency determination that the claimant became disabled on April 9, 2005."[2] *Id*. This chapter of HALLEX[3] contains the procedures to be followed when a subsequent DIB claim is granted with an onset date the day after an ALJ's prior decision.

Judge Showalter held a second hearing on September 11, 2008, R. 567-615, and on February 11, 2009, she issued her second opinion. R. 395-403. Despite the district court's order, Judge Showalter once again did not apply SSR 82-63 and SSR 85-15, claiming that the requirements of those Rulings were "not discussed" in the court's memorandum opinion. R.

---

[1] The date on which the Appeals Council took this action is illegible in the record. R. 447.
[2] There is an unexplained discrepancy between the Appeals Council's order, which indicated that Plaintiff's date of onset for her subsequent claim was April 9, 2005, R. 446, and the letter she received from the Social Security Administration, which states that she became disabled on March 11, 2005. Pl.'s Br. Attach. 2.
[3] HALLEX is the Hearings, Appeals and Litigation Law Manual published by the Social Security Administration through the Deputy Commissioner for Disability Adjudication and Review. HALLEX "conveys guiding principles, procedural guidance, and information to Office of Disability Adjudication and Review staff" and "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels." Soc. Sec. Admin. Office of Disability Adjudication and Review, *HALLEX: Hearing, Appeals and Litigation Law Manual*, Ch. I-1-0 (Mar. 3, 2011), *available online at* http://ssa.gov/OP_Home/hallex/I-01/I-1-0-1.html.

396.  She stated that "having carefully considered these two SSR's as directed by the memorandum opinion . . . the claimant does not fit within the parameters of either SSR."  R. 397.  Judge Showalter also declined to review the new evidence in the record.  R. 398.  She disagreed with the Appeals Council's assertion that there was new and material evidence, because the new exhibits were dated after the ALJ's first decision.  *Id*.  For a second time, Judge Showalter concluded that Plaintiff was not disabled during the relevant time period.  R. 399.

## STANDARD OF REVIEW

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); s*ee also Russell v. Comm'r of Soc. Sec*., 440 F. App'x 163, 164 (4th Cir. 2011);  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

A person is deemed legally disabled if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2008).  The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If she is doing such activity, she is not disabled.

2) If she is not doing such activity, determine whether she has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). If she does not have such impairment or combination of impairments, she is not disabled.

3) If she does have such impairment or combination of impairments, determine whether she has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii). If she does have such impairment, she is disabled.

4) If she does not, considering her residual functional capacity, determine whether she can do her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If she can do such work, she is not disabled.

5) If she cannot do such work, considering her residual functional capacity, age, education, and work experience, determine whether she can perform other work. 20 C.F.R. § 404.1520(a)(4)(v). If she can perform other work, she is not disabled, and if she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456; *Schweiker*, 795 F.2d at 345.  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456.  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Where the record does not contain substantial evidence to support the Commissioner's denial of benefits under the correct legal standard, reversal without remand is appropriate. *Breeden v. Weinberger*, 493 F.2d 1002, 1011-12 (4th Cir. 1974); *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971); *Burkhart v. Apfel*, No. H-98-1725, 1999 WL 33136051, at *18 (D. Md. July 14, 1999).

## ANALYSIS

On appeal, Plaintiff argues that the Court should reverse Commissioner's decision or remand the case to a different ALJ for additional consideration for the following two reasons:

1) The ALJ failed to properly consider SSR 85-15 and SSR 82-63, even after being ordered to do so on remand; and

2) The ALJ failed to evaluate the medical evidence which came into the record after the ALJ's first decision.

Pl.'s Br. 12-13.  The Court agrees with Plaintiff's first argument, and concludes that the SSRs compel a finding that Plaintiff was disabled throughout the period at issue.  Therefore, it need not reach Plaintiff's second argument.

**I. The ALJ Failed To Comply With The Order Of The District Court And Was Required To Apply SSR 85-15 And SSR 82-63.**

Plaintiff argues that the ALJ failed to comply with the order of the United States District Court on remand when she determined that the Social Security Rulings did not apply to

6

Plaintiff's claim.  The first relevant Ruling is SSR 82-63, Titles II and XVI:  Medical-Vocational Profiles Showing An Inability To Make An Adjustment To Other Work. [4]  1982 WL 31390 (1982).  The Ruling's purpose is to define two possible claimant profiles which "must be considered" before determining whether a claimant can adjust to work existing in the national economy.  *Id.* at *1.  The second of these two profiles is "advanced age, limited education and no work experience."  *Id.*  Advanced age is fifty-five years or older.  20 C.F.R. § 404.1563 (2008). Limited education is generally considered a seventh- through eleventh-grade formal education. 20 C.F.R. § 404.1564 (2008).  "No work experience" is defined within the SSR itself as "no recent and relevant work experience," which is when the work activity performed within the prior fifteen years "does not (on the basis of job content, recency, or duration) *enhance present work capability*."  SSR 82-63, 1982 WL 31390, at *4 (emphasis added).  The Ruling continues that where a claimant possesses these characteristics, "the conclusion would generally follow that the claimant . . . is under a disability."  *Id*. at *5.

The second relevant Ruling is SSR 85-15, Titles II and XVI:  Capability To Do Other Work – The Medical-Vocational Rules As A Framework For Evaluating Solely Non-Exertional Impairments.  1985 WL 56857 (1985).  One purpose of this Ruling is to emphasize that a finding of disability can be appropriate for individuals with a severe mental impairment, even where they do not meet a listing or have adversities in age, education, or work experience.  *Id.* at *1.  This Ruling requires the decision-maker to consider whether the claimant can "meet the mental demands of unskilled work," and provides examples of claimant profiles that warrant a finding of disabled.  SSR 85-15, 1985 WL 56857, at *4-5.  The second example incorporates the above profile from SSR 82-63 for claimants with a severe mental impairment.  *Id.* at *5.

---

[4] Although not required by statute, the Commissioner publishes the Social Security Rulings which are binding on all components of the Social Security Administration.  They represent precedent, final opinions, and statements of policy which the Commissioner has adopted.  20 C.F.R. § 402.35(b)(1) (2008).

The ALJ committed an error of law in concluding that the SSRs do not apply to Plaintiff's case. Although Plaintiff was over fifty-five years old and had a limited education, Judge Showalter dismissed SSR 82-63 because "the record clearly established that the claimant does have work experience performed within the fifteen year period." R. 396. She failed to apply the Ruling's definition of "no recent and relevant work experience" which focuses on whether the work experience enhances present job capability. This is especially problematic given the ALJ's finding of fact that Plaintiff has "no transferable skills from any past relevant work." R. 30, 398.[5] Judge Showalter relied on the same rationale to find that SSR 85-15 does not apply, erroneously suggesting that the "no relevant work experience" element requires "no work experience at all." R. 397. Commissioner argues that it was proper not to apply the SSRs in the ALJ's second decision because at Plaintiff's second hearing the vocational expert testified that her prior work was skilled (contradicting the vocational expert at the first hearing). Def.'s Br. 14-15. This rationale is not supported by the Ruling's definition of "recent and relevant work experience," which makes clear that the focus is on whether the claimant's present work capability is enhanced, not whether her prior work was skilled.[6]

If this all has the distinct feeling of *déjà vu*, it is because the United States District Court for the District of Delaware has once before ordered Commissioner to apply these Rulings on remand, for precisely the same rationale as described above. *See* R. 430-33. Judge Showalter

---

[5] The ALJ's second opinion incorporated all "prior documentary and testimonial evidence" from the first opinion, except to the extent modified by the second opinion. R. 398. The ALJ's finding regarding transferability of skills was not retracted or modified in the second opinion. *See infra* note 7.

[6] Commissioner cites SSR 82-63 for the proposition that "an individual of advanced age *who has only performed unskilled work* will be treated the same as someone with no work experience or no recent and relevant work experience." Def.'s Br. 14. However, this language in SSR 82-63 refers to a prior policy of the Commissioner adopted on July 7, 1975. 1982 WL 31390, at *4. The current policy statement is reflected in SSR 82-63, which went into effect on August 20, 1980, and defines "no recent and relevant work experience" as work that does not enhance present work capability. *Id*. at *4-5. As to SSR 85-15, Plaintiff's prior performance of skilled work would eliminate her from the profile of Example 3, but not Example 2 which incorporates SSR 82-63. 1985 WL 56857, at *5.

asserts that she complied with the court's order by "carefully consider[ing] these two SSRs" and deciding not to apply them. R. 397. However, in his memorandum opinion Judge Stark extensively cited the proper definition of "recent and relevant work experience" and concluded that Plaintiff met the profile for the Rulings. R. 431-32. The court's mandate was not for the ALJ to consider *whether* to apply the SSRs, but to apply them in determining whether Plaintiff was disabled at the relevant time. *See* R. 430 ("The Court finds that the SSRs are applicable and must be considered on remand."). This is clear from Judge Stark's memorandum opinion:

> Having found that SSR 82-63 applies, the question next becomes what to do about it. Kendall insists that the S.S.R. mandates that the Court determine she is disabled. She emphasizes the following statement found in SSR 82-63: "The policy decision, in effect, directs a finding of disability" . . . . However, later the same SSR seems merely to impose a presumption, not a mandate of disability. It states that in circumstances such as those presented here, "the conclusion would generally follow that the claimant . . . is under a disability."

R. 432 (quoting SSR 82-63, 1982 WL 31390, at *2, 5). Judge Stark remanded instead of granting Plaintiff's motion for summary judgment because he interpreted the SSR as granting the Commissioner discretion even when it applies to a claimant. R. 433. Nonetheless, his finding that the SSR applied in this case was a conclusion of law binding on the Commissioner, reached in reliance on the ALJ's own findings of fact. It was a breach of Judge Showalter's statutory authority as an ALJ to effectively "overrule" Judge Stark on the application of law. *See* 42 U.S.C. § 405(g) (2006) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions."). As Judge Stark ruled previously, both SSR's apply here.

## II. There Is Insufficient Evidence That Plaintiff Was Able To Perform Other Work To Justify Remanding To The Commissioner For Proper Application Of The SSRs.

Like the District Court of Delaware before it, this Court is left with the question of "what to do about" the ALJ's refusal to apply the relevant and applicable SSRs. *See* R. 432. It is within the Court's statutory authority to remand for a rehearing or to reverse the decision of the Commissioner. 42 U.S.C. § 405(g) (2006). If the record does not contain substantial evidence to support a contradictory finding under the correct legal standard, it would serve no purpose to remand the case to the Commissioner for further proceedings. *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974); *see also Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (finding authority to reverse without remand "when the Secretary's determination is in clear disregard of the overwhelming weight of the evidence"). This Court has found that where there is little or no likelihood that the Commissioner could adduce substantial evidence on remand to support a denial of benefits, reversal is the appropriate remedy. *Burkhart v. Apfel.*, No. H-98-1725, 1999 WL 33136051, at *18 (D. Md. July 14, 1999); *Jones v. Schweiker*, 551 F. Supp. 205, 208-09 (D. Md. 1982); *see also Storck v. Weinberger*, 402 F. Supp. 603, 607-08 (D. Md. 1975) (stating that remand is inappropriate where the "possibility of the Secretary's establishing substantial evidence for a similar conclusion seems extremely doubtful").

The Fourth Circuit has reversed without remanding in cases where significant delay has resulted or would result from the Commissioner's failure to apply the correct legal standard. *See Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987); *Taylor v. Weinberger*, 512 F.2d 664, 668 (4th Cir. 1975). In *Breeden v. Weinberger*, the ALJ applied an improper evidentiary standard in assigning weight to the witnesses' testimony. 493 F.2d at 1010. Declining to remand so that the Commissioner could apply the correct legal standard, the court noted that the case "has been pending in the agency and the courts for almost five years and has been remanded once before

for additional evidence." *Id*. at 1011.  A similar concern was raised in *Coffman*, where the court noted:

> Over six years have elapsed since [Plaintiff] filed his claim for disability benefits, and over five years have elapsed since they were wrongfully denied . . . . We are convinced, however, that if the matter were to be remanded to the Secretary for redetermination and the Secretary were to conclude again that [Plaintiff] was not disabled, his decision would not withstand judicial review.  It is time to bring this matter to a close.

829 F.2d at 519.  Concerns of delay would not be sufficient to justify reversal if there were substantial evidence to support the Commissioner's position.  However, where the law as correctly applied overwhelmingly militates against the Commissioner's finding, the court need not give the Commissioner a "second chance" to deny a claimant benefits.  *See Taylor*, 512 F.2d at 668 ("[W]e do not view this case as one that turns upon an inadvertent procedural or technical flaw in the administrative process that reasonably ought to be subject to correction.  Instead, it seems to us that we are asked to allow the Secretary to start over again in his determination to deny benefits to [Plaintiff].").

      Remand is unnecessary here because there is insufficient evidence to support a finding that Plaintiff was not disabled under the law as correctly applied.  When SSR 82-63 applies because a claimant is of advanced age, has a limited education, and has no relevant work experience, the conclusion will "generally follow" that the claimant is disabled.  1982 WL 31390, at *5 (1982).  Although the SSR requires the ALJ to consider any unskilled jobs that require only simple duties, "a finding of an inability to make a vocational adjustment to substantial work will be made, provided [the] impairment is severe."  *Id*. at *4-5.  Any ability to adjust to other work must be evaluated "in the context of the range of work the individual can do functionally and of the other vocational factors of age, education and training."  *Id*. at *4.  SSR 85-15 further clarifies that a claimant with a severe mental impairment and the same combination

of advanced age, limited education, and no relevant work experience will generally be found disabled. 1985 WL 56857, at *5 (1985).

Plaintiff was fifty-seven to sixty years of age during the relevant time period, or two to five years beyond the advanced-age threshold at which a claimant's ability to adjust to new work is significantly limited. *See* 20 C.F.R. 404.1563 (2008); R. 29. The ALJ found that Plaintiff's depression and anxiety were severe, and that she lacked skills transferable to other lines of work. R. 30, 398. Even if Plaintiff retained some skills from her previous work as a school cafeteria manager, the ALJ found that Plaintiff would be unable to apply these skills because her impairments limited her to simple, unskilled work.[7] R. 28. There is no evidence of any special training that Plaintiff had, and the ALJ found that Plaintiff had only a tenth-grade education. R. 23. Even if some special education, training, or skills were to be adduced on remand, SSR 85-15 indicates that the job base would nonetheless be greatly eroded by Plaintiff's severe depression. 1985 WL 56857, at *4. There is simply no evidence in the record to support a finding that Plaintiff is one of the unusual or extraordinary claimants who fit the profile of SSRs 82-63 and 85-15, but nonetheless can perform other work.

Furthermore, additional fact-finding would be inappropriate because the only issue is whether Plaintiff was disabled from February 10, 2002 to March 10, 2005. Any further evidence would likely be far attenuated from the relevant time period. Sufficient facts were available at the time of the first ALJ decision, and the only remaining task is to apply the correct law. It has been nine years since Plaintiff first filed for DIB, seven years since the first ALJ decision which failed to apply the SSRs, four years since the first district court remand, and three-and-a-half

---

[7] In the ALJ's second decision, she adopted the testimony of the vocational expert from the second hearing that Plaintiff's previous work was skilled, which contradicted the vocational expert at the first hearing. R. 397. However, the second vocational expert also testified that these skills were not transferable to any other work Plaintiff might be able to perform. R. 611. Likely for this reason, the ALJ did not revisit or modify her finding from the first decision that Plaintiff "has no transferable skills from any past relevant work." R. 30, 398.

years since the ALJ failed to apply the correct law for a second time.  *See* R. 395.  To remand back to the Commissioner for a third attempt would be an unwarranted step, especially considering the narrow circumstances under which the SSRs allow for a finding of non-disabled. *See Taylor*, 512 F.2d at 668.  "It is time to bring this matter to a close."  *See Coffman*, 829 F.2d at 519.  Therefore, the Court reverses the ALJ's decision and finds that Plaintiff was disabled from February 10, 2002, to March 10, 2005.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS Plaintiff's Motion and DENIES Commissioner's Motion, and orders the Social Security Administration to calculate benefits past due to Plaintiff.


November 30, 2012                                             /s/
                                                        Charles B. Day
                                                        United States Magistrate Judge

CBD/ISA